IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GEORGE ALLEN ACREE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV 13-282-JHP-KEW |
| | ) |
| **CHARLES PEARSON, Sheriff,** | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

On June 25, 2013, the petitioner was directed to file an amended petition for writ of habeas corpus (Dkt. # 4). At that time, the petitioner was advised that his petition did not identify the case number(s) of the conviction(s) which he was challenging and the county in which the conviction was obtained. Petitioner was provided a form for use in filing his amended petition for writ of habeas corpus. A review of the amended petition filed, however, still does not identify the state court case number which petitioner challenges. Additionally, while Petitioner indicates that the conviction which he is attacking was entered in Muskogee County, a review of petitioner's cases listed on The Oklahoma State Courts Network at www.oscn.net, indicates he has been charged in at least two separate felony convictions in Muskogee County. Moreover, in paragraphs 6 and 7 of the amended petition, petitioner indicates that he pled guilty to a Wagoner County charge. As a result, it is not possible for this Court to ascertain from the amended petition what state court conviction the petitioner is challenging. Regardless of the case number or the county in which the conviction was entered, he admits he has not exhausted his state court remedies for his habeas claims. (*See*, Dkt. # 6 at pp. 2-4,

¶s 11- 15).

"A threshold question that must be addressed in every habeas case is that of exhaustion," *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).  The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Furthermore, the court may dismiss a habeas petition *sua sponte*, when the petitioner's failure to exhaust is clear on the face of the petition. *Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009).  In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b).  *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976).  To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding.  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

**ACCORDINGLY,** petitioner is directed to show cause in writing within fourteen (14) days: (1) why this action should not be dismissed for his failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b); and (2) the state court case number and the county in which that conviction was entered that he is attacking herein.  Failure to show cause as directed will result in dismissal of this action.

**IT IS SO ORDERED** this 11th day of October 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma